**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| Hon. Apostle Dr. Admiral A.L.S.A.E.R. El-Bey,  :  <br>  :  <br>Plaintiff,  :  <br>  :  <br>v.  :  <br>  :  <br>United States of America,  :  <br>  :  <br>Defendant.  :  | Civil Action No. 15-6573 (SRC)  <br><br>**OPINION** |

**CHESLER, District Judge:**

Plaintiff, detained at the Federal Medical Center-Devens, in Ayer, Massachusetts, seeks to bring this action in forma pauperis ("IFP")(ECF No. 1-1). Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint (ECF No. 1).

At this time, the Court must review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

## I. BACKGROUND

Plaintiff brings this civil action against the United States, alleging:

> Plaintiff . . . has been Medically detained under the wrongful Nomen in error (Jason L. Amin-Bey) since approximately August 14, 2011. The Defendant: The United States of America has failed to issue a court order compelling all to acknowledge the rightful Nomen Now Being: Hon. Apostle Dr. Admiral Ala'ad-Din Lunariel Solariel Al'Ahezaah El'Qanna Rusul-Alah El-Bey, with all rights reserved, in lieu of the Nomen in Error being Dr. Jason Lamar Chambers Raphael Amin-Bey. The Plaintiff is hereby seeking a court order compelling all to acknowledge the rightful Nomen Correction. . .

(Compl., ECF No. 1 at 1.)

## II. DISCUSSION

District courts must review complaints in civil actions when a person is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), and sua sponte dismiss any claim that is (1) frivolous or malicious; or (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. Id. The court's power to sua sponte dismiss a case as frivolous is limited to "claims that are based on an indisputably meritless legal theory or whose factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 195 (3d Cir. 1990) (citing Neitzke v. Williams, 109 S.Ct. 1827,

3

1833 (1989)). Plaintiff's complaint is indisputably without factual or legal merit, and any attempt to cure the defects in the Complaint is futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (court should allow plaintiff opportunity to amend complaint prior to dismissal unless amendment is futile.)

### III.  CONCLUSION

For the reasons stated above, IFP will be granted, but the complaint will be dismissed with prejudice because it is frivolous.

Dated:

STANLEY R. CHESLER
United States District Judge